OPINION. Black, Judge: There is but one issue in this proceeding: Whether an erroneous and excessive tax credit given petitioner under section 3806 (b) of the Internal Revenue Code and which credit was incorporated in a final renegotiation agreement can be made the basis of the determination of a deficiency in petitioner’s excess profits tax in the manner which has been detailed in our findings of fact. Respondent determined a deficiency in excess profits tax by eliminating from petitioner’s gross income $350,000 which represented excessive profits determined in a final renegotiation agreement. After computing petitioner’s excess profits tax liability, respondent then treated the credit given under section 3806 (b) as a credit against petitioner’s excess profits tax originally assessed, plus an additional assessment. The portion of respondent’s computation which relates to the 3806 (b) credit is set out in our findings of fact. Petitioner contends that the method of computation used by respondent is not in accord with National Builders, Inc., 12 T. C. 852, wherein we held that the excessive profits not finally determined were not to be eliminated from income in computing the excess profits tax, and that respondent was not permitted to treat the 3806 (b) credit as a rebate under section 271. Petitioner also contends that the renegotiation agreement between it and the United States which specifically sets forth the amount of the section 3806 (b) credit (albeit erroneous and excessive) precludes respondent from asserting a deficiency in taxes resulting in what petitioner claims is a smaller credit than the $280,000 stated in the renegotiation agreement. Respondent relies on Baltimore Foundry & Machine Corporation, 7 T. C. 998, which allowed a computation of excess profits tax identical to the method of computation employed by respondent in the instant proceeding. Respondent also asserts that the renegotiation agreement is not a closing agreement and that the $280,000 credit set out in the renegotiation agreement is, in fact, the actual credit given petitioner in the deficiency notice. • There is no dispute in this proceeding as to the amount of excessive profits. The renegotiation agreement between petitioner and the Secretary of the Navy wherein the parties agreed that petitioner’s excessive profits were $350,000 is • a final determination. Maguire Industries, Inc. v. Secretary of War, 12 T. C. 75. The question before us is one which involves the computation of a deficiency and the 3806 (b) credit of $280,000 set out in the renegotiation agreement. Petitioner argues that National Builders, Inc., supra, is controlling in the instant proceeding and, therefore, respondent’s computation of a deficiency is erroneous. In National Builders, we had a situation where the amount of excessive profits had not been finally determined. There is, in fact, pending before this Court an appeal from the unilateral determination of excessive profits made by the Under Secretary of War. Our decision in National Builders was necessarily predicated on the fact that the amount of excessive profits was not finally determined. National Builders does not apply to the instant situation where the amount of excessive profits has been family determined. We think that Baltimore Foundry & Machine Corporation, supra, is controlling here. In that case, as in the instant proceeding, the tax liability was before us after the amount of excessive profits had been finally determined. In Baltimore Foundry the taxpayer received an excessive 3806 (b) credit,as a result of a typographical error. It is true, as petitioner states, that the erroneous credit therein was not specifically set out in the renegotiation agreement; however, the renegotiation proceeding in Baltimore Foundry was nonetheless finally closed as is the case in the instant proceeding. In Baltimore Foundry, we said: * * * Tie revenue agent gave incorrect information and a mistake was made in the renegotiation settlement with Harrison for the year here involved. There was credited against the amount of excessive profits eliminated $2,000 more than the amount by which the tax should have been decreased as a result of reducing income for that year by $20,000. The petitioner received the full benefit of the credit. That matter has been closed and can not be reopened. We are concerned, however, with a correct interpretation of section 271 (a). It provides that the amount shown as the tax on the return shall be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax. The $2,000 here in question of the amount of tax shown on the return was credited or otherwise repaid. It does not make any difference, for present purposes, whether it was incorrectly credited or repaid. * * * The tax shown on the return should be decreased by that credit in computing the deficiency under 271 (a). * * * The method of computation set out in Baltimore Foundry has not been overruled by National Builders for, as stated above, National Builders involves an entirely different situation. On the strength of our decision in Baltimore Foundry, we think respondent’s determination must be approved. Reviewed by the Court. Decision will be entered for the respondent.